## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:06CR52** |
| **vs.** | ) | |
| | ) | **ORDER** |
| **ROBERT RALPH EIFERT, II and** | ) | |
| **DAVID FERNANDO RUBAL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the motion of David Fernando Rubal to continue trial [23].  Defendant Rubal will be required to file a waiver of speedy trial in accordance with NECrimR 12.1(a).[1]  A continuance is necessary due to defense counsel's scheduling conflicts.  For good cause shown,

**IT IS ORDERED** that the motion to continue trial [23] is granted, as follows:

1.   Trial is hereby continued from July 11, 2006 to **August 1, 2006**, before Judge Laurie Smith Camp and a jury.

2.   The ends of justice will be served by granting such motion and outweigh the interests of the public and the defendant in a speedy trial.  Any additional time arising as a result of the granting of this motion, that is, the time between **July 11, 2006 and August 1, 2006**, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act for the reason that failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.  The failure to grant additional time might result in a miscarriage of justice.  18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

---

[1]The rule provides:

**12.1   Motions to Continue Trial.**

  **(a)  Content of Motion.** Unless excused by the court in individual cases, a motion to continue the trial setting of a criminal case must state facts demonstrating that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial, (see 18 U.S.C. § 3161(h)(8)), or that for some other reason, the continuance will not violate the Speedy Trial Act. Unless excused by the court in individual cases, if the defendant is a moving party the motion shall be accompanied by the defendant's affidavit or declaration (see 28 U.S.C. § 1746) stating that defendant:
  (1)  Was advised by counsel of the reasons for seeking a continuance;
  (2)  Understands that the time sought by the extension may be excluded from any calculation of time under the Speedy Trial Act, 18 U.S.C. § 3161 et seq.;
  (3)  With this understanding and knowledge, agrees to the filing of the motion; and
  (4)  Waives the right to a speedy trial.

3.    Defendant shall file a waiver of speedy trial on or before **June 30, 2006.**

4.    Counsel for the United States shall confer with defense counsel and, no later than **July 25, 2006**, advise the court of the anticipated length of trial.

5.    This order applies to all defendants.

**DATED June 26, 2006.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**